UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JOSEPH MERCURIO,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent,

_____/

Case No. 17-11248

HON. AVERN COHN

# MEMORANDUM AND ORDER
# HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Samuel Joseph Mercurio (Petitioner) a state inmate proceeding pro se, has filed a petition for a writ of habeas corpus challenging his convictions for unarmed robbery and being an habitual offender. As will be explained, Petitioner has not exhausted his state court remedies with respect to all of his claims. In lieu of dismissing the petition, the petition will be held in abeyance to permit Petitioner to exhaust his additional claims in state court.

## II. Background

Petitioner plead nolo contendere to the above charges in the Macomb County Circuit Court. Petitioner's conviction was affirmed on direct appeal. People v. Mercurio, No. 328312 (Mich.Ct.App. Sept. 16, 2015); lv. Den. 499 Mich. 915 (2016).

On April 17, 2017, Petitioner filed the instant petition in which he seeks habeas

1

relief on six grounds. By his own admission, Petitioner did not exhaust his fourth, fifth, and sixth claims with the state courts.

### III. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are

2

not "plainly meritless." Id. at 277.

Here, Petitioner admits that he did not exhaust his fourth, fifth, and sixth claims with the state courts. Petitioner's unexhausted claims do not appear to be plainly meritless and he does not appear to be engaged in dilatory litigation tactics. He also has alleged good cause for not previously exhausting his new claims because he asserts his appellate counsel was ineffective for failing to raise them during his direct appeal. Finally, because Petitioner has an available remedy in state court–filing a motion for relief from judgment under M.C.R. 6.500, Petitioner should exhaust this remedy before presenting his claims in federal court.

In addition, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). Thus, a stay is appropriate while Petitioner pursues additional state remedies.

Where, as here, a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, the Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See Palmer v. Carlton, 276 F. 3d 777, 781 (6th Cir. 2002).

III.

Accordingly, proceedings on the petition are STAYED pending completion of Petitioner's state court remedies.

This stay is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for further proceedings.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2017

Detroit, Michigan

4