UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JOSEPH MERCURIO,

    Petitioner,

v.

JACK KOWALSKI,

    Respondent.

_____/

Case No. 17-11248

HON. AVERN COHN

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Samuel Joseph Mercurio, (Petitioner), is on parole supervision with the Michigan Department of Corrections through the Macomb County Parole Office. Petitioner was convicted on his plea of no-contest to unarmed robbery, M.C.L. § 750.530 and being a fourth felony habitual offender, M.C.L. § 769.12. Petitioner filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are meritless, procedurally defaulted and/or non-cognizable. For the reasons which follow, the petition will be denied.

**II. Procedural History**

Following his plea to the above offenses, Petitioner was sentenced to 65 months to 27 years imprisonment. The Michigan appellate courts affirmed his conviction and

sentence on direct appeal. People v. Mercurio, No. 328312 (Mich. Ct. App. Sept. 16, 2015); lv. Den. 499 Mich. 915 (2016).

In 2017, Petitioner filed a petition for writ of habeas corpus. The Court held the petition in abeyance to permit Petitioner to return to the state courts to exhaust additional claims. (ECF No. 6).

Petitioner then filed a post-conviction motion for relief from judgment with the state trial court, which was denied. People v. Mercurio, No. 13-2222-FH (Macomb Cty. Cir. Ct., July 6, 2017)(ECF No. 9-1, PageID. 184-88). The Michigan appellate courts denied petitioner leave to appeal. People v. Mercurio, No. 341580 (Mich. Ct. App. June 11, 2018); lv. Den. 503 Mich. 914 (2018).

On March 27, 2019, the Court reopened the case and directed service of Petitioner's amended petition. (ECF No. 11).

Petitioner seeks habeas relief on the following grounds:

I. The trial court violated Mr. Mercurio's state and federal constitutional rights to due process in denying his motion to withdraw his plea prior to sentencing, where his plea agreement was coerced and there was no substantial prejudice to the prosecutor.

II. Mr. Mercurio is entitled to withdraw his "no contest" plea where the trial court misinformed him that he had the "right to appeal" at both the plea hearing and at the sentencing hearing rendering Mr. Mercurio's plea not understanding in violation of the Michigan court rules.

III. Mr. Mercurio is entitled to withdraw his "No Contest" plea where he received erroneous and conflicting information about his likely minimum sentence range. Thus rendering his plea not knowing and intelligent and therefore, not voluntary, and in violation of his state and federal constitutional rights to due process. Alternatively, trial counsel's conflicting advice constitutes ineffective assistance of counsel, rendering the plea involuntary in violation of the due process provisions of the state and federal constitutions.

IV. The defendant's 8th and 14th amendment rights were violated when his bond was revoked and forfeited at a court hearing he was not notified to attend.

V. The defendant's 6th and 14th amendment rights were violated when he was denied the right to be present at a court proceeding that affected his liberty where he was not informed the proceeding would occur.

VI. The defendant was denied due process of law and subject to prosecutor misconduct where the prosecutors misled the court.

VII. The defendant's 6th amendment right was violated when he was denied the fair assistance of appellate counsel where the attorney failed to appeal the due process violations and prosecutor misconduct.

VIII. The trial court violated defendant's right to due process when it abused its discretion by not addressing three of the merits raised in the motion for relief from judgment under M.C.R. 6.500.

IX. Defendant was denied due process when the trial court did not answer a motion for reconsideration of the issues raised on July 18, 2017.

X. The defendant was denied due process where the trial court failed to serve a copy of the hearing disposition ordering the court to set aside judgment after bond forfeiture on March 26, 2014.

### III. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

3

> to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court shall not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it

must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

## IV. Analysis

### A. Plea Based Claims

In his first, second, and third claims, Petitioner challenges his plea on several grounds, contending that he should have been permitted to withdraw his no-contest plea because it was involuntarily and unknowingly made. He also says that he is innocent of the charges.

At sentencing, Petitioner orally moved on his behalf to withdraw his plea, stating that he was innocent and that his attorney of record, who was not present at sentencing, had tricked him into pleading no-contest. Petitioner also argued that his attorney failed to provide him with the preliminary examination transcript until the day before he entered the plea. Petitioner further said that counsel failed to file motions on his behalf, that he only spoke with his attorney for 45 minutes before entering the plea, and that counsel pressured him into pleading no-contest. (Tr. 10/9/14, pp. 4-8)(ECF No. 16-9, PageID. 369-73). The trial court denied his motion and proceeded with the sentencing. (Id., p. 8)(ECF No. 16-9, PageID. 373).

After sentencing, Petitioner, through appellate counsel, moved to withdraw his plea. The trial court again denied the motion in a written decision. People v. Mercurio, No. 13-2222-FH (Macomb Cty. Cir. Ct., June 23, 2015)(ECF No. 9; No. 9-1, Page ID166-73). Petitioner appealed. The Michigan appellate courts denied his appeal in form orders, "for lack of merit in the grounds presented." See Werth v. Bell, 692 F. 3d 486, 492-94 (6th Cir. 2012).

**1.**

Petitioner is not entitled to relief on his claim seeking to withdraw his plea. There is no federal constitutional right to withdraw a no-contest plea. See Hynes v. Birkett, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a guilty or no-contest plea otherwise violated a clearly-established constitutional right, the decision of whether to permit a defendant to withdraw a plea is within the state court's discretion. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

As to the validity of a plea, a guilty or no-contest plea must be voluntarily and intelligently made. See Shanks, 387 F. Supp. 2d at 749; Doyle v. Scutt, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)). This requires that the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. Hart v. Marion Correctional Institution, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which or she is pleading guilty or no-contest. See King v. Dutton, 17 F. 3d 151, 154 (6th Cir. 1994). If a defendant challenges a plea on habeas review, the state generally satisfies its burden by producing a transcript of the

plea hearing to establish that the plea was made voluntarily. Garcia v. Johnson, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no-contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden to overturn the state court. Id.

Here, Petitioner first says that trial counsel coerced him into pleading no-contest. The transcript reveals otherwise. During the plea hearing, the trial court asked Petitioner if he wanted to plead no-contest and he replied affirmatively. Petitioner also denied that he had been threatened or forced into entering his plea. (Tr. 9/9/14, pp. 4)(ECF No. 16-8, PageID. 358). Petitioner's bare assertion that he was coerced into pleading no-contest is insufficient to overcome the presumption of verity. Habeas relief is not warranted.

**2.**

Petitioner also argues that he should have been permitted to withdraw his plea because he is innocent of the charge. The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty or no-contest plea, even on direct appeal. See Everard v. United States, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner has presented no evidence to the state courts or to this Court to establish his innocence. Petitioner is not entitled to relief on this ground.

3.

Petitioner also says that his plea was invalid because the trial court failed to properly advise him of his rights. He first says that the trial court incorrectly advised him

that he had "the right to appeal within 42 days of my sentence and have an attorney appointed to you for such if you cannot afford one."

The trial court rejected Petitioner's claim on collateral review. The trial court noted that the advice concerning his right to appeal was not inaccurate because although Petitioner did not have an appeal of right under Michigan law, he retained the right to file an application for leave to appeal to challenge his plea and sentence. Petitioner did in fact file such an appeal. Thus, habeas relief is not warranted.

Petitioner also says that there was no acknowledgement on the record at the plea hearing that Petitioner had read, understood, and waived the trial rights that were outlined in the advice of rights form that he reviewed prior to entering his plea. Although the trial court did not ask Petitioner whether he had read and understood the advice of rights form, the trial court did advise Petitioner of all of the trial rights that he would be relinquishing by pleading no-contest. Petitioner also indicated that he understood these rights and that he would be giving them up by entering a no-contest plea. (Tr. 9/9/14, p. 5)(ECF No. 16-8, PageID.359).

Finally, Petitioner says that his should have been set aside because he was given misleading advice or information concerning the minimum sentence that he would receive by pleading no-contest. At the plea hearing, the trial court indicated that it was willing to enter into a Cobbs agreement with Petitioner and sentence him to sixty five months on the minimum sentence. (Tr. 9/9/14, p. 3)(ECF No. 16-8, Page ID. 357).[1]

---

[1] In People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a trial court to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the trial court

Petitioner claims that he was led to believe that his minimum sentence could have been anything from zero to sixty five months.

Petitioner is not entitled to relief. The trial court clearly indicated that she would sentence petitioner to sixty five months in prison on the minimum sentence. A plain reading of the Cobbs agreement was that Petitioner would be sentenced to sixty five months in prison. Although Petitioner says that he thought that the agreement called for a minimum sentence of between zero and 65 months, the Court on habeas review cannot credit Petitioner's subjective version of his understanding of the plea bargain. See Nichols v. Perini, 818 F. 2d 554, 558-59 (6th Cir. 1987); See also Doughty v. Grayson, 397 F. Supp. 2d 867, 881-82 (E.D. Mich. 2005).

Overall, the record sufficiently establishes that Petitioner was informed of and understood his rights. See Campbell v. Marshall, 769 F. 2d 314, 316-17, 324 (6th Cir. 1985) (holding that a petitioner's guilty plea was not involuntary despite the trial court's failure to specifically inform the petitioner that he would be waiving certain rights, stating it was "unwilling to hold, as a constitutional requirement applicable in habeas cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment." Id. at 324 (quoting Armstrong v. Egeler, 563 F.2d 796, 799 (6th Cir. 1977)). Petitioner is therefore not entitled to habeas relief based on the trial court's statements.

### B. Ineffective Assistance of Counsel

---

determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); Wright v. Lafler, 247 F. App'x. 701, 703, n.1 (6th Cir. 2007).

Petitioner contends that trial counsel was ineffective in advising him to plead no-contest rather than go to trial. To establish ineffective assistance of counsel, Petitioner must satisfy a two prong test. First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, Petitioner must show that such performance prejudiced his defense. Id. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the context of a guilty plea, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty or no-contest, but would have insisted on going to trial. Premo v, Moore, 562 U.S. 115, 129 (2011)(citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. The test of whether a Petitioner would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject

the plea bargain would have been rational under the circumstances.'" Pilla v. United States, 668 F. 3d 368, 373 (6th Cir. 2012)(quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim. He cannot show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no-contest. Petitioner was charged with unarmed robbery, which carries up to fifteen years in prison. He was also charged with being a fourth felony habitual offender, which raised his maximum possible sentence to life in prison. See Mich. Comp. Laws § 769.12(1)(a); See also Tr. 9/9/14, p. 6 (ECF No. 16-8, Page ID. 368). Petitioner's trial counsel negotiated a plea and sentence agreement for sixty five months. Petitioner, in fact, is currently on parole as a result of this favorable agreement.

### C. Procedural Default

Respondent contends that Petitioner's remaining claims are procedurally defaulted. When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his or her procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction

11

of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. Murray v. Carrier, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Each ground for default will be discussed below.

### 1.  Claims 4 to 6

Respondent says that Petitioner's fourth through six claims are procedurally defaulted because he raised them for the first time on post-conviction review and failed to establish cause and prejudice for failing to raise these claims on his direct appeal.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. This is a procedural rule which, if the state courts relied upon, will result in claims being procedurally defaulted.

Both the Michigan Supreme Court and Court of Appeals rejected Petitioner's post-conviction appeal in form orders. Neither order referred to subsection (D)(3) nor did they mention Petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals and therefore cannot form the basis for finding procedural default. Rather, the Court must "look to the last reasoned state

court opinion to determine the basis for the state court's rejection" of Petitioner's claims. See Guilmette v. Howes, 624 F.3d 286, 291 (6th Cir. 2010).

Here, the trial court rejected Petitioner's post-conviction claims on the grounds that he failed to show cause and prejudice, relying on M.C.R. 6.508(D)(3). See People v. Mercurio, No. 13-2222-FH, * 3-4 (Macomb Cty. Cir. Ct., July 6, 2017)(ECF No. 9-1, PageID. 186-87). Because the trial court denied Petitioner relief based on M.C.R. 6.508(D)(3), claims four through six are procedurally defaulted. See Ivory v. Jackson, 509 F. 3d 284, 292-93 (6th Cir. 2007).

### 2. Claim 7

In his seventh claim, Petitioner argues that appellate counsel was ineffective for failing to raise his fourth through sixth claims on his appeal of right. This claim does not overcome Petitioner's default. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in

13

a reversal on appeal. See Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D Mich. 2003).

Petitioner has not shown that appellate counsel's performance was ineffective for failing to raise claims four through six on appeal. Rather, Petitioner's counsel raised the first three plea based claims presented on habeas review. Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners."

Petitioner has therefore failed to establish cause for his procedural default of failing to raise these claims on direct review. Having failed to establish cause, it is not necessary to reach the issue of prejudice. See Smith v. Murray, 477 U.S. at 533.

### 3. Claims 8 through 10

Respondent argues that Petitioner's eighth through tenth claims are procedurally defaulted because he did not exhaust these claims with the state courts and no longer has a remedy with which to do so. The Court agrees.

Petitioner raised these claims for the first time in his appeal from the denial of his post-conviction motion for relief from judgment. In order to properly exhaust a claim on state post-conviction review, Petitioner was required to present these claims in his post-conviction motion and on an appeal from the denial of post-conviction relief. See Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009). Petitioner did not do so. Thus, his claims are not exhausted. Several courts in this district have concluded the same.

14

See, e.g., Harris v. Bauman, No. 4:14-CV-11604, 2016 WL 4191759, at * 9 (E.D. Mich. Aug. 9, 2016); Adams v. Brewer, No. 15-CV-11209, 2016 WL 1223350, at * 6 (E.D. Mich. Mar. 29, 2016), reconsideration denied, No. 15-CV-11209, 2016 WL 3182019 (E.D. Mich. June 8, 2016); Anger v. Klee, No. 2:14-CV-14159, 2015 WL 6437224, at * 4 (E.D. Mich. Oct. 21, 2015).

Moreover, Petitioner no longer has any available state court remedies with which to exhaust his claims. Under M.C.R. 6.502(G)(1), a defendant is only permitted to file one post-conviction motion for relief from judgment. Petitioner has no remaining state court remedies with which to exhaust his claims. As such, the claims are defaulted and cannot be considered unless Petitioner can show cause to excuse his or her failure to present the claims in the state courts and actual prejudice to his or her defense at trial or on appeal. Hannah v. Conley, 49 F. 3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. Id. at 1196, fn. 3.

Petitioner's failure to exhaust his claims on collateral review does not establish cause. Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred as a result of not considering his claims. See Schlup v. Delo, 513 U.S. 298, 326-27 (1995).

## IV. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if petitioner chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

s/Paul D. Borman
Presiding U.S. District Judge

Dated: 12/18/2019

Detroit, Michigan